IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Collins Holding Corporation and | ) | |
| Collins Properties, L.P., | ) | C.A. No. 6:03-3552-HMH |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Wausau Underwriters Insurance Company | ) | |
| and LMG Property, | ) | |
| | ) | |
| Defendants. | ) | |

### I. FACTUAL AND PROCEDURAL BACKGROUND

This matter is before the court on Wausau Underwriters Insurance Company and LMG Property's (collectively "defendants") bill of costs. On March 22, 2005, the court granted the defendants' motion for judgment as a matter of law. Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, the defendants filed a bill of costs on April 4, 2005. Collins Holding Corporation and Collins Properties, L.P. (collectively "plaintiffs"), filed objections to the bill of costs on April 11, 2005. The defendants responded to the plaintiffs' objections on April 18, 2005.

The parties agree that Four Thousand Six Hundred Forty-nine Dollars and Ninety-three Cents ($4,649.93) in costs are properly taxable.[1] However, two disputed expenses

---

[1] This amount differs from the plaintiffs' figure due to two discrepancies. First, the plaintiffs claimed that they did not object to the forty-dollar-per-day witness fee for Thomas Tiernan, but omitted the resulting $80.00 fee in their calculations. (Obj. at 3.) Consequently, the court adds $80.00 to the plaintiffs' cost total. Second, the plaintiffs omitted filing fees of $150.00 in their calculations, which are taxable under Local Rule 54.03(A)(1).

1

remain – (1) the cost of using a videoconference facility to depose William Logan, and (2) the cost of the defendants' expert preparing trial exhibits.

## II. LEGAL DISCUSSION

### a. Jurisdiction

As an initial matter, a district court has jurisdiction to review the clerk's taxation of costs even while an appeal on the merits is pending. Upon appeal, the court loses jurisdiction over any matters involved in the appeal but maintains jurisdiction on matters collateral to the merits of the appeal. See Langham-Hill Petroleum Inc. v. S. Fuels Co., 813 F.2d 1327, 1330-31 (4th Cir. 1987); Wright v. Jackson, 522 F.2d 955, 957 (4th Cir.1975). Because the determination of costs is collateral to the merits of the instant case, the court will decide these cost issues immediately to avoid a piecemeal appeal. Cf. Wright, 522 F.2d at 957-58.

### b. Analysis

First, the plaintiffs object to the defendants' attempt to tax the costs incident to taking a deposition via videoconference. On December 13, 2005, the defendants incurred costs in the amount of $1,101.00 by using a videoconferencing service to depose William Logan. On February 17, 2005, the defendants again used the videoconferencing facilities to conclude William Logan's deposition, incurring an additional cost of $551.00.

The defendants assert that they used videoconferencing instead of traveling to North Carolina, or having the witness come to South Carolina. (Defs.' Resp. Pls.' Obj. at 1.) Notably, the defendants seek to recover costs for the second day of videoconferencing, even though the videoconferencing equipment was not used due to technical difficulties.

Nonetheless, the defendants were charged for use of the room and telephone, though at a reduced rate. (Id. at 1-2.)

The plaintiffs object to these costs on the ground that Local Rule 54.03(H) limits "costs incident to taking depositions" to "stenographers fees, cost of original transcript and postage" and is further unsupportable under 28 U.S.C. §§ 1920(2). The plaintiffs add that the costs of using the videoconferencing facility for a second day, when the equipment was not working, could have been avoided by having the teleconference at the attorneys' offices instead of the videoconferencing facility. (Obj. at 2.)

The defendants have failed to cite any authority that holds that the costs of videoconferencing in lieu of in-person depositions are taxable. Moreover, the one case upon which the defendants rely, DiCecco v. Dillard House, Inc., 149 F.R.D. 239 (N.D. Ga. 1993), is unpersuasive. In DiCecco, the court allowed the defendant to recover the costs of a conference call which concluded a deposition, but the conference call was necessary because the plaintiff's attorney arrived an hour and a half late to the deposition. Id. at 243. The defendants have not alleged that the plaintiffs were responsible either for the expense of videoconferencing William Logan's deposition, or for the parties' inability to conclude that deposition on December 13, 2004. Further, the defendants have not shown that videoconferencing was otherwise necessary, nor have they shown that substantial expense was avoided by using the videoconferencing instead of an in-person deposition.

Moreover, the videoconference was not taped as a substitute for transcript preparation. Indeed, the defendants have sought costs for compiling transcripts of the depositions in

3

addition to the costs of the actual videoconferencing, and the plaintiffs have not objected to the costs of the transcripts. (Bill of Costs at 6, 10; Obj. at 4.)

Finally, the defendants have not shown that using the facilities at the videoconferencing center to conclude William Logan's deposition was reasonable and/or necessary. While the videoconferencing center charged a reduced rate on February 17, 2005, because its videoconferencing equipment was not functioning, the center still charged $551.00 for the use of a phone and an office for a mere two hours. The defendants have not shown why this expense could not have been avoided by using attorney offices. For all of the above reasons, the court will not permit the defendants to recover the costs associated with using a videoconferencing center for William Logan's deposition.

Second, the defendants seek to tax costs for the trial exhibits prepared by the defendants' expert, Gregory Parson. The defendants assert, "The trial exhibits dealt with the concrete slab and related code issues which were extensively testified to by the Plaintiffs' expert and were a part of the Defendants' response to the Plaintiffs' expert." (Defs.' Resp. Obj. at 2.) Hence, the defendants seek to tax $648.20 for demonstrative exhibits. However, this amount is not recoverable because only copies of exhibits introduced into evidence are taxable under Local Rule 54.03(F)(1)(a). The defendants have not shown that these demonstrative exhibits were introduced into evidence. Therefore, the defendants cannot recover the cost of the exhibits.

4

Therefore, it is

**ORDERED** that the plaintiffs pay the defendants Four Thousand Six Hundred Forty-nine Dollars and Ninety-three Cents ($4,649.93) in costs.

**IT IS SO ORDERED**.

                                                  s/ Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
May 9, 2005